**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 04 C 6173 |
| | Judge James B. Zagel |
| DONALD R. BENNETT, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

**Background**

On January 5, 2000, Donald Bennett pleaded guilty to one count of conspiracy to commit wire fraud pursuant to a written plea agreement. Under the plea agreement, Bennet waived his right to appeal or to collaterally attack his plea or sentence "except to the extent that such a challenge is based on a claim of ineffective assistance of counsel in the negotiation of [the] waiver." *Pl.'s Ex. A*, ¶ 13. Bennett subsequently filed a motion to withdraw his guilty plea. After an evidentiary hearing, I denied the motion. Bennett thereafter filed a second motion to withdraw, which I denied before sentencing Bennett to a term of 40 months imprisonment on August 7, 2002. Bennett challenged the denial of his two motions to withdraw in an appeal to the Seventh Circuit, but was unsuccessful. *See United States v. Bennett*, 332 F.3d 1094 (7th Cir. 2003).

On September 22, 2004, Bennett filed this motion pursuant to 28 U.S.C. § 2255, raising four claims for relief. First, he claims that I committed a *Blakely* violation by imposing a sentence longer than that supported by the facts he admitted at his plea hearing. He also claims

1

that he was prejudiced by three independent instances of ineffective assistance of counsel: first, when counsel failed to represent him adequately during plea negotiations; second, when counsel failed to file a pre-indictment delay motion; and finally, when counsel failed to protect his allocution rights.

Relief under 28 U.S.C § 2255 is limited to situations in which a federal criminal petitioner's conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). If I find that any such error occurred, I must vacate or set aside Bennett's sentence, after which he will be discharged, resentenced, or granted a new trial. *Lee v. United States*, 113 F.3d 73, 77 (7th Cir. 1997) (citing 28 U.S.C. § 2255). When reviewing a § 2255 petition, I must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, because Bennett has filed his petition *pro se*, his petition is entitled to a liberal reading. *Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1988).

**Discussion**

The government raises two challenges to Bennett's motion, which I must address before reaching the merits of Bennett's claims. First, the government questions whether Bennett timely filed his motion. The one-year limitation period for filing a § 2255 motion began to run on September 22, 2003, ninety days after the issuance of the Seventh Circuit's opinion affirming my order. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003). That period expired on September 21, 2004. Bennett's motion was filed on September 22, 2004 (which was a

Wednesday, and not a holiday).  Under Rule 3(d) of the Rules Governing Section 2255 Proceedings, a confined inmate may meet a filing deadline simply by depositing the filing into the institution's internal mailing system.  Bennett claims that he placed the motion in the mail at the detention center where he was held on September 18, 2004, squarely within the statute of limitations.  For the moment, I will assume that Bennett timely filed his § 2255 motion.

The more significant challenge the government raises is the effect of the waiver contained within Bennett's plea agreement.  Under the agreement, Bennett waived his right to file a collateral attack against his sentence unless the attack was based on a claim of ineffective assistance of counsel during negotiation of the waiver.  A waiver of the right to seek relief pursuant to § 2255 in a written plea agreement is valid and enforceable absent a claim that the waiver was not made knowingly and voluntarily or a claim that counsel was ineffective in connection with the negotiation of the waiver itself.  *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000).

In this § 2255 motion, Bennett does not directly claim that he did not knowingly and voluntarily agree to the waiver (the subject of both of his motions to withdraw from the plea agreement and his appeal to the Seventh Circuit.)  Rather, he claims that counsel was ineffective in negotiating the plea agreement.[1]  To establish a claim for ineffective assistance of counsel, Bennett must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial.  *See e.g. Strickland v. Washington*, 466 U.S. 668 (1984).  There is a strong presumption for finding that counsel was

---

[1]Construed liberally, Bennett's general claim of ineffective assistance of counsel during plea negotiations encompasses the claim that counsel was ineffective in negotiating the waiver; Bennett makes this argument explicitly in his reply.

3

effective, *United States v. Pergler*, 233 F.3d 1005, 1008-09 (7th Cir. 2000), and Bennett bears the burden of proving that "but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." *United States v. Harris*, 394 F.3d 543, 555 (7th Cir. 2005).

In support of his claim, Bennett asserts that his attorney did not actively negotiate the plea agreement with the government.[2] Whether or not defense counsel's limited representation of Bennett during the plea negotiations was objectively unreasonable, Bennett must show that but for counsel's ineffective representation, the waiver would not have been included in the agreement. *See Strickland*, 466 U.S. at 691. Bennett offers no evidence, and I find no reason to believe, that more effective counsel would have negotiated an agreement without the waiver. As Bennett has failed to show that he was prejudiced by counsel's performance, his waiver of any right to file a collateral attack against the sentence remains valid and precludes all of his remaining claims. For that reason, Bennett's motion is denied and the issue of whether he timely filed his petition is moot.

Moreover, even if Bennett had not waived his right of collateral attack, his claims would otherwise fail.[3] Bennett's first ground of appeal is that I "imposed a longer sentence than that

---

[2]Bennett argues that his defense counsel, Victor Pilloga, failed to take an active part in plea negotiations, abandoning Bennett and allowing counsel for Bennett's co-defendant to negotiate a plea agreement that was unfair to Bennett. In essence, Bennett is rehashing the argument he first raised on appeal: that he was coerced into pleading guilty. This time, however, the culprit is defense counsel's ineffective assistance in negotiating the waiver.

[3]Bennett argues that these claims are beyond the scope of the waiver, acknowledging that he waived his right to challenge the manner in which the sentence was "determined" but not the manner in which the sentence was "imposed." That distinction is nonsensical, at least with respect to this case.

supported on facts I admitted to at plea hearing (Blakely violation)." He nonetheless acknowledges that *United States v. Booker*, 125 S. Ct. 738 (2005), does not apply retroactively to cases on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Bennett's case became final well before January 12, 2005; therefore, Bennett may not raise a *Booker* claim.[4]

In Bennett's remaining three grounds for habeas relief, he asserts that he was prejudiced by ineffective assistance of counsel. Bennett first claims that the outcome of his case was prejudiced by his counsel's failure "to fully participate in the plea negotiations and provide representation during the entire plea process."[5] Once again, however, Bennett has not made a specific claim regarding how he was prejudiced by the alleged ineffectiveness beyond the possibility that he "could have received a lesser sentence." This vague prediction of an alternative outcome is insufficient to show that absent counsel's errors, the sentence I imposed upon Bennett would have been different. *See Harris*, 394 F.3d at 555. Without a showing of prejudice, this claim fails.

Bennett next claims that his counsel was ineffective for failing to file a motion challenging the government's delay in filing the indictment. To have prevailed on that motion Bennett would have been required to show both that the delay caused substantial prejudice and

---

[4]Moreover, there is simply no basis for this claim. In the plea agreement, Bennett admitted that he recruited and negotiated with operators in the wire fraud scheme. *Pl.'s Ex. A*, ¶ 4. Furthermore, Bennett agreed that he "was an organizer and leader of a criminal activity involving at least five participants and such activity was otherwise extensive." *Pl.'s Ex. A*, ¶ 9.

[5]This claim is essentially the same (and stems from the same allegations) as Bennett's argument that he received ineffective assistance of counsel during negotiations over the waiver provision in the plea agreement.

that it was an intentional device used by the government to gain a tactical advantage. *United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003). In this case, even if Bennett would have fared better had the government indicted him earlier, he has not claimed nor provided evidence to support a claim that the government intentionally delayed his indictment in order to gain a tactical advantage. As such, he cannot show that his counsel's performance fell below an objective standard of reasonableness.

Finally, Bennett claims that counsel was ineffective for failing to protect his allocution rights at his sentencing. The government contends that Bennett expressed his choice not to speak at his sentencing and therefore cannot now claim that his attorney's error resulted in a lost allocution opportunity. However, according to Bennett, it was precisely his attorney's advice that caused him not to speak at his sentencing.[6] Nonetheless, even if Bennett could show that his attorney's performance regarding Bennett's allocution rights fell below an objective standard of reasonableness, he has not shown that his attorney's errors caused him to be sentenced to a longer term in prison. Bennett implicitly argues that had he been able to address the court with the statement he prepared for his sentencing, I would have been persuaded to reduce his sentence. This, I seriously doubt.[7] I assigned Bennett his deserved sentence based on the facts

---

[6]Bennett claims that he had written a six-page allocution to support his claim for a downward departure based on diminished capacity, but that prison officials took away all of his legal materials, including his allocution statement, prior to the sentencing. Bennett states that he informed his attorney at the sentencing that he could not deliver his allocution because officials took away his legal materials and his attorney simply advised him to tell me, when asked, that he had nothing to say.

[7]On the motions to withdraw the guilty plea, I found Bennett not to be credible. He offers no reason why I might now find an unsworn allocution to be credible when I found his sworn testimony to be less than honest.

6

contained within the plea agreement and Bennett's agreement to those facts at his plea hearing. As there is no reason to believe that Bennett's failure to offer an allocution statement prejudiced the outcome of this matter, his last claim of ineffective assistance of counsel would also fail.

Defendant's Motion to Vacate Sentence is DENIED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 6, 2005